# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Docket No.: 22-cr-10139-PBS |
| | ) | |
| WILLIAM KENNEY | ) | |

## MOTION TO MODIFY CONDITIONS OF RELEASE

Mr. Kenney, through undersigned counsel, requests that the Court modify his conditions of release by removing the condition that he be subject to home confinement and electronic monitoring. As grounds, counsel states as follows. Mr. Kenney is alleged to have violated his conditions of supervised release. At his detention hearing on August 17, 2022, the Court released him on all his previously imposed conditions of supervised release as well as two added conditions. Those conditions were:

1. The defendant was placed on home detention monitored by electronic monitory and only allowed out for meetings with counsel or court.

2. While on release the defendant should be evaluated for a treatment program. If one can be found before the Final Revocation hearing the court is prepared to modify these conditions to allow entry into the treatment program.

*See* Docket Entry 11.

On August 28, 2022, Mr. Kenney entered treatment at High Point Treatment Center. Mr. Kenney remained at High Point Treatment Center until September 27, 2022 when he entered into Answer House in South Boston. Answer House is a 6 month program. On September 28, 2022, counsel spoke with Ben Hogan a senior counselor at the Answer House. Mr. Hogan indicated that Mr. Kenney being on home confinement and a bracelet while at the Answer House is

problematic to treatment and the interpersonal relationships with other residents. During treatment residents have both internal and external meetings that require flexibility. In addition, Mr. Hogan believes that having one resident on house arrest and monitored electronically where all the other residents are not under such restrictions will interview with Mr. Kenney's treatment. Mr. Hogan informed counsel that should the Court remove the condition of home confinement and electronic monitoring he would immediately notify probation if Mr. Kenney left the program.

Accordingly, counsel requests that the Court remove the added condition of home confinement and electronic monitoring. Mr. Kenney has followed the Court's directive to engage in meaningful treatment. He got himself into High Point and has successfully transitioned to the Answer House. His treatment is going well and the senior counselor at his current treatment program believes it is important for him to not be on home confinement or an electronic bracelet. Counsel submits that in his 18 years at the Federal Defender Office he cannot recall a client being on electronic monitoring while in a treatment facility.

Assistant United States Attorney John Mulcahy and United States Probation Officer Charnee Alkins believe that he should no longer be subject to home confinement but that Mr. Kenney should remain on a curfew and electronic monitoring.

    Respectfully submitted,

    WILLIAM KENNEY
    By his Attorney,

    */s/ Stylianus Sinnis*
    Stylianus Sinnis
      B.B.O.: 560148
    Assistant Federal Public Defender
    Federal Public Defender Office
    51 Sleeper Street, 5th Floor

Boston, MA 02210  
Tel: 617-223-8061

**<u>CERTIFICATE OF SERVICE</u>**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 30, 2022.

*<u>/s/ Stylianus Sinnis</u>*  
Stylianus Sinnis